

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00535-CR

Jason David **KIMBALL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR10002
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed: September 11, 2019

DISMISSED

The trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the underlying case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2).

Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part

of the record under these rules." TEX. R. APP. P. 25.2(d). On August 21, 2019, we ordered that this appeal would be dismissed pursuant to rule 25.2(d) unless an amended trial court certification showing that the appellant has the right of appeal was made part of the appellate record by September 19, 2019. *See* TEX. R. APP. P. 25.2(d); 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.).

Appellant's counsel has filed a written response stating that counsel reviewed the record and "can find no certified right of appeal for appellant." As a result, counsel concedes this court "must dismiss the instant attempted appeal." *See* TEX. R. APP. P. 25.2(d); 37.1; *see also Daniels v. State*, 110 S.W.3d 174, 177 (Tex. App.—San Antonio 2003, no pet.). In light of the record presented, we agree with appellant's counsel that Rule 25.2(d) requires this court to dismiss this appeal. Accordingly, this appeal is dismissed.

PER CURIAM

DO NOT PUBLISH